Sydney F. Foster, J.
The State moves for summary judgment in this action which was brought to enjoin the defendants from continuing to maintain an advertising sign within 660 feet of the edge of the right of way of Interstate Route 87 in the Town of Clifton Park, County of Saratoga, and to forthwith remove the signs the defendants are now maintaining on the easterly side of the northbound portion of such Interstate Route. There are no triable issues of fact involved, and a decision on the motion hinges on statutory construction and the proper interpretation of certain rules and regulations, both Federal and State, with regard to the control of advertising devices adjacent to interstate highways.
Route No. 87, commonly known as the Northway, so far as presently constructed has been built in anticipation of Federal assistance. In connection with this setup the Legislature enacted section 86 of the Highway Law (L. 1961, ch. 316, eff. April 6, 1961). This statute reads in part as follows:
“§ 86. Agreement to control erection and maintenance of advertising devices. In order that the state of New York may he entitled to be paid by the United States an increased share of the costs of projects on the interstate highway system, the superintendent of public works is hereby authorized to enter into an agreement with the secretary of commerce of the United *99 States, as required by section one hundred thirty-one of title twenty-three of the United States code, as amended and to promulgate and enforce regulations in conformity with the national policy, for control of the erection and maintenance of advertising signs, displays, and other advertising devices within six hundred and sixty feet of the edge of the right of way of controlled portions of the interstate highways system which are constructed upon any part of right of way, the entire width of which is acquired subsequent to July first, nineteen hundred fifty-six, which do not traverse commercial or industrial zones within the boundaries of incorporated municipalities as of September twenty-first, nineteen hundred fifty-nine, where in the use of real property adjacent to the interstate highway system is subject to municipal regulation or control, and which do not traverse other areas where the land use, as of September twenty-first, nineteen hundred fifty-nine, was clearly established under state law as industrial or commercial. ’ ’
Pursuant to the authority conferred by this statute the Superintendent of Public Works of the State of New York entered into an agreement with the United States Department of Commerce whereby the State agreed to abide by national standards for regulation by States of advertising signs and devices adjacent to the National System of Interstate and Defense Highways, as promulgated by the United States Secretary of Commerce and as published in the Federal Register on November 13, 1958 (23 Fed. Reg. 8793), as amended January 12, 1960 (25 Fed. Reg. 218), and further amended March 26, 1960 (25 Fed. Reg. 2575). The scope of the agreement was stated as follows:
“ 2. Scope of Agreement. Except as otherwise expressly set forth herein, this Agreement shall apply to areas adjacent to all portions of Interstate System Highways within the State that are constructed upon any part of a right of way, the entire width of which has been acquired subsequent to July 1, 1956. The said areas (hereinafter designated 1 Adjacent Areas ’) are those within 660 feet of the edge of the right of way of Interstate System Highways, determined in accordance with the national standards.
‘ ‘ There shall be excluded from application of the said national standards any segments of the Interstate System which traverse commercial or industrial zones within the boundaries of incorporated municipalities, as such boundaries existed on September 21, 1959, wherein the use of real property adjacent to the Interstate System is subject to municipal regulation or control, or which traverse other areas where the land use, as of September *100 21, 1959, was clearly established by State Law as industrial or commercial.
“ 3. State’s Obligation. The State hereby agrees that, in accordance with the terms of this Agreement, it will control or cause to be controlled the erection and maintenance of outdoor advertising signs, displays and devices in Adjacent Areas within such State consistent with the Act and the national standards. ’ ’
After the execution of this agreement, and on April 24,1962 the Superintendent of Public Works of the State of New York promulgated regulations in connection with advertising devices adjacent to interstate highways which adopted the national standards set up by the United States Secretary of Commerce pursuant to section 131 of title 23 of the United States Code, as amended. These regulations (17 NYCER 36.1) defined protected areas as follows: “(c) Protected areas means all areas inside the boundaries of this State which are adjacent to and within 660 feet of the edge of the right of way of all controlled portions of the Interstate System within the State, excluding therefrom such lands as lie within commercial or industrial zones established by municipal law, ordinance or regulation, or State law, as of September 21, 1959.”
It will be observed that the cut-off date is September 21, 1959, the same as that contained in section 86 of the Highway Law. In other words an area zoned by local-authorities for industrial or commercial purposes was not to be excluded from protected areas unless such area was zoned prior to or as of September 21, 1959.
It quite clearly appears from the papers submitted that as of September 21,1959 the Zoning Ordinance of the Town of Clifton Park, Saratoga County, did not include the area in question for commercial or industrial purposes. An amendment to the ordinance was passed, and became effective December 7, 1959, which rezoned all land adjacent to the New York State Northway lying between its easterly right of way line and the easterly boundary line of the town for a distance of one-lialf mile to commercial purposes. This amendment embraces the area in question. The State argues that the amendment came too late, since it was passed some two months after the cut-off date previously mentioned. The defendants argue that section 86 of the Highway Law, the rules and regulations promulgated thereunder, and likewise the Federal rules and regulations, should be construed to mean a cut-off date as to the boundaries of municipalities as they existed on September 21, 1959, and not as to the bounds of zoning ordinances as they existed on such date.
*101 Although it may be conceded that the language of the State statute and the Federal and State regulations might have been more precisely framed, I think the intent is plain. It would strain common sense and violate every canon of practical construction to adopt the argument of the defendants. The boundaries of towns are seldom changed but ordinances are frequently amended. If the argument of defendants is correct every town through which the Northway passes, or any other part of an interstate system, could at any time pass a zoning ordinance which would render ineffective the agreement between the State and Federal Governments. No such intent can be logically drawn from any of the language quoted. The plain intent of such language, so it seems to me, was merely to ease the situation where areas involved were already zoned for commercial purposes, and for which advertising devices were to be normally expected. I reach the conclusion therefore that the rules and regulations were properly promulgated under section 86 of the Highway Law, and that the statute so far as applicable supersedes the amended ordinance of the Town of Clifton Park.
The general power of the Legislature to enact section 86 of the Highway Law as a valid exercise of police power can scarcely be questioned (see New York State Thruway Auth. v. Ashley Motor Ct., 10 N Y 2d 151). And it may be pointed out that the regulations promulgated by the ¡Superintendent of Public Works do not proscribe all billboard advertising. Permits may issue to those applicants whose proposed devices conform to the standards set in the regulations (17 NYCRR 36.4, Permits).
Motion to strike defendants’ answer and for summary judgment is granted, without costs. Leave to replead is denied.