Joseph A. Nevins, J.
The plaintiff has moved for summary judgment; both defendants have moved for orders dismissing the complaint. The action is one for a declaratory judgment as to the rights of the parties, as to the revocation of a building permit issued by the Town of Tonawanda to the plaintiff for some signs which are to be erected in the vicinity of the Elmer Gr. H. Youngmann Expressway, controlled by the State of New York, as part of the national system of interstate and defense highways.
The Town of Tonawanda expresses a disposition towards a reissuance of the permit if this court should grant summary judgment in favor of the plaintiff.
It is contended by the State of New York on this argument and by actions through the Town of Tonawanda that the plaintiff should not be allowed to erect its signs within 660'feet of the area adjacent to the expressway, which is a part of an interstate highway system, pursuant to section 131 of title 23 of the United States Code. The State further contends that the plaintiff has failed to exhaust its administrative remedy by failure to make an application to the Superintendent of Highways for an issuance of a permit for the erection of an advertising device within the protected area of the interstate highway system; the court lacked jurisdiction over the State of New York.
The plaintiff contends that the provisions of section 131 of title 23 of the United States Code do not apply to the erection of its signs in the area, under the “ industrial ” or “ commercial ” exception in section 131 of title 23 of the United States Code.
*789 The general American scheme for the division of an area into zones for the purpose of use control has followed the following plan: the first division being business, residential and unrestricted districts; then, 1‘ business zones may be classified for different classes of business into local business, commercial, and light manufacturing, and industrial districts. ” (58 Am. Jur. 961 and the cases therein cited.)
Zoning in New York has followed this general plan. “ A fundamental division of the city into districts devoted respectively to business and residential purposes ’ ’. (Matter of Wulfsohn v. Burden, 241 N. Y. 288, 297.) Business zones have been said to be for ‘ ‘ the development of commercial instincts and the pursuit of pecuniary profits.” (Matter of Wulfsohn v. Burden, supra, pp. 330-301; see, also, Baddour v. City of Long Beach, 279 N. Y. 167.)
The Town of Tonawanda’s Zoning Ordinance divided the town into the following “ districts ”— (A) First Residential, (B) Second Residential, (C-l) Restricted Business, (C) Business, (D-l) Commercial, (D) First Industrial, (E) Second Industrial, (F) Third Industrial, (G) Fourth Industrial.
The signs in question herein were to be erected in the “(C) Business District ” of this ordinance.
The uses which are permitted in the ‘ ‘ First and Second Residential Districts ” are defined. The uses which are permitted in a “ C-l Restricted Business District ” are those “ permitted uses in a Residence District or for one or more of the following uses ”: then generally are listed nonprofit institutions for charitable purposes, restricted hospital activity, nonprofit corporate clubrooms, professional offices, banks, and mortuaries. The signs permitted in this district generally are to be nonflashing or nonanimated, constructed against the side of the building and not larger than eight feet square, if they contain any advertising. Great emphasis is also placed on ‘ ‘ directory-type ’ ’ signs which will contain no advertising.
The uses permitted in a “ C Business District” are defined as “ (no use) for other than the permitted uses in a residence or restricted business district, or for one or more of the following”: then listed are uses which are generally thought of as commercial pursuit of pecuniary profits, i.e., offices, studios, restaurants, and “ any business or use or services, free from dust, fumes, smoke, odor, gas, noise, or vibration, and not logically belonging to industrial district ”. I note no specific restriction or limitation on signs, except those which apply to the whole area zoned.
*790 ‘1 D-l Commercial District ’ ’ allows any use permitted in ‘ ‘ C Business District ’ ’, plus bottling works, ‘ ‘ manufacturing, compounding assembly or treatment of articles or merchandise from * * * previously prepared materials ”, assembly of electric appliances, electronic devices, musical instruments, etc., and certain other uses, if contained within a building. Again there is no specific limitation or restriction to signs except those which apply to the whole area zoned.
From the facts set forth, it is apparent that the “ C-l Restricted Business District” is a local business zone; the “ C Business District ” is a commercial zone; the “ D-l Commercial District ” is a commercial and light manufacturing zone.
Section 131 of title 23 of the United States Code contains an exception to control of signs in areas, adjacent to the national system of interstate and defense highways, which are “ industrial or commercial.”
Congress, when it passed the provisions of this Highway Act, must have envisioned that there would be certain rights to erect signs in11 commercial ’ ’ and 1 ‘ industrial ’ ’ zones. If these rights were restricted, the possibility of a “ taking without compensation ” would be presented.
As will be noted from the names used in the zoning act, the nomenclature of the “ Districts ” does not quite follow the language of the Highway Act, but the United States Code was designed to apply to all States. The fact of what the “Districts ” are, and not the names applied; that is to be the test.
I therefore find that the ‘ ‘ C-Business District ’ ’ of the Town of Tonawanda is a “ commercial ’ ’ zone within the meaning of section 131 of title 23 of the United States Code, and therefore a sign within that zone is not subject to its control.
The area of the zone in question was a commercial zone as such prior to the “cut-off” date of September 21, 1959, and therefore, distinguishes this case from People v. Ruth Outdoor Adv. Co. (45 Misc 2d 98) relied upon by the defendant State of New York.
If the State of New York feels aggrieved by this decision, they may remain a party and thereby take an appeal; on the other hand, if they do not feel aggrieved, a judgment so stating will be granted upon their application, dismissing the action as to them.
I grant the plaintiff’s motion for summary judgment and deny the defendants’ motion for orders dismissing the complaint, except as hereinbefore stated.